# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DAVID DAQUIN,

       Petitioner,

    v.

U.S. DEPARTMENT OF ENERGY,

       Respondent.

Case No. 24-60316

## CERTIFICATE OF INTERESTED PERSONS

Counsel certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Petitioner:**
David Daquin

**Counsel for Petitioner:**
Devin Watkins
Dan Greenberg

**Counsel for Petitioner is Employed by:**
Competitive Enterprise Institute

**Respondent:**
U.S. Department of Energy

**Counsel for Respondent:**
Amanda Mundell
Bettina Mumme
Brent Allen
Christoper VanDeusen
Kathryn McIntosh
Michael Raab
Nicholas Crown
Stephen C. Skubel

                                                      /s/ *Devin Watkins*
                                                      Devin Watkins

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| DAVID DAQUIN,<br><br>      Petitioner,<br><br>  v.<br><br>U.S. DEPARTMENT OF ENERGY,<br><br>      Respondent. | Case No. 24-60316 |

**PETITIONER'S UNOPPOSED MOTION
TO HOLD CASE IN ABEYANCE**

Petitioner David Daquin respectfully requests that the Court hold this petition in abeyance pending the final disposition of *Word et al. v. U.S. Department of Energy*, Case No. 2:24-cv-00130 in the Northern District of Texas to preserve judicial and party resources against duplicative proceedings.

    1.    In the above-captioned case, Petitioner David Daquin seeks judicial review of dishwasher regulations issued by the Department of Energy ("DOE") on April 24, 2024. In this challenge, Petitioner seeks this Court to declare the rule contrary to law as the water-efficiency

1

requirements are not authorized by statute and, therefore, the regulation is not in accordance with law.

2. Congress has authorized DOE to issue new or amend "energy conservation standards" for appliances in 42 U.S.C. § 6295, but it has defined "energy conservation standards" as "a performance standard which prescribes a minimum level of energy efficiency or a maximum quantity of energy use, or, in the case of showerheads, faucets, water closets, and urinals, water use, for a covered product." 42 U.S. C. § 6291(6).

3. Plaintiff claims this limitation on DOE's authority over water efficiency to only "showerheads, faucets, water closets, and urinals" has not been amended and does not apply to dishwashers. Therefore, Petitioner asserts that DOE lacks the legal authority to issue the rule at issue purporting to amend the water efficiency rules for dishwashers.

4. Petitioner has brought the same argument in the district court in the Northern District of Texas, Case No. 2:24-cv-00130. Petitioner believes such litigation is available in addition to the petition for review process as the statute authorizing a petition for review

states, "The remedies provided for in this subsection shall be in addition to, and not in substitution for, any other remedies provided by law." 42 U.S.C. § 6306(b)(4). Petitioner wishes to preserve his right to have a petition for review heard before this Court if there is any problem with the ability of the district court to hear this issue.

5. Petitioner has sought injunctive relief in the district court, which this Court lacks the ability to issue in response to a petition for review. Even if this Court were to rule that the DOE rule was unlawful, the injunctive relief in the district court would require that case to continue. The final resolution in 2:24-cv-00130 would likely entirely resolve that issue in this case.

6. Therefore, good cause exists to hold this appeal in abeyance pending the final resolution of the district court in Northern District of Texas, Case No. 2:24-cv-00130, because it would preserve judicial resources and the resources of the parties. Abeyance until the resolution of No. 2:24-cv-00130 will not result in any undue delay or prejudice to any party.

7. Counsel for Petitioner has conferred with counsel for Respondent regarding the relief requested by this motion. The

Department of Energy does not oppose the proposed abeyance of this matter, but reserves all arguments, defenses, and claims that might be presented in either of the pending actions.

## CONCLUSION AND PRAYER

For the foregoing reasons, Petitioner respectfully requests that the Court hold this petition in abeyance (and not require briefing or other action) until final resolution of the substantially related issues in Northern District of Texas, Case No. 2:24-cv-00130, and that within 60 days of the final resolution of Northern District of Texas, Case No. 2:24-cv-00130 the parties will file a joint status report concerning future proceedings.

Respectfully submitted,

Dated: July 3, 2024

/s/ *Devin Watkins*
Devin Watkins
Dan Greenberg
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, DC 20005
(202) 331-1010
devin.watkins@cei.org

*Counsel for Petitioner*

## CERTIFICATE OF CONFERENCE

On July 3, 2024, counsel for Petitioner conferred with counsel for Respondent who advised that Respondent does not oppose this motion.

/s/ *Devin Watkins*
Devin Watkins

## CERTIFICATE OF CONFERENCE

This motion complies with: (1) the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) because it contains 564 words, excluding the parts exempted by Rule 32(f); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the program used for the word count).

/s/ *Devin Watkins*
Devin Watkins

## CERTIFICATE OF SERVICE

I, Charles Devin Watkins, hereby certify that this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court and to Brent Allen and Stephen Skubel via E-mail. Counsel

further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ *Devin Watkins*
Devin Watkins
